IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**KEITH WILLIAM RYCHLIK,**

    **Plaintiff,**

v.                                Case No. 2:17-cv-04313

**SOUTH CENTRAL REGIONAL JAIL**
**and SCOTTY LEE SHAFFER,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This civil action is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

On November 13, 2017, while incarcerated at the South Central Regional Jail in Charleston, West Virginia, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 1) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3). The Complaint alleges that on May 31, 2017, the plaintiff was attacked by two inmates, resulting in a broken jaw, and that "jail staff refused to hear me because of my handicapp [sic; handicap], disability, I'm deaf." (ECF No. 1 at 4). The Complaint further states "discriminate civil right threat hate crime taking advantage be used violate my right." (*Id.* at 5). The plaintiff seeks money damages to "pay for suffering" and "someone that working to hear me and understand[] my disability and how I feel . . . ." (*Id.*)

The plaintiff's Complaint names the South Central Regional Jail ("SCRJ") and Scotty Lee Shaffer as defendants. However, the Complaint does not allege any specific conduct against defendant Shaffer, or even identify if he is an employee at the SCRJ or an inmate. Moreover, the SCRJ is not a person that can be sued under section 1983 and is not subject to monetary damages in federal court. Accordingly, the undersigned is filing this Proposed Findings and Recommendation recommending that the presiding District Judge dismiss the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual

allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> \* \* \*
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **ANALYSIS**

The SCRJ is not a suable entity. Rather it is just a facility operated by the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA"), a state agency. However, even if the court were to liberally construe the plaintiff's claim against the SCRJ to be brought against the WVRJCFA, the claim may still not proceed in this court.

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Furthermore, pursuant to the Eleventh

3

Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

In the instant matter, to the extent that the plaintiff seeks monetary damages from the SCRJ (or the WVRJCFA), the undersigned proposes that the presiding District Judge **FIND** that the SCRJ (or the WVRJCFA) is not a proper party that can be sued under 42 U.S.C. § 1983 and is further immune from liability for monetary damages under the Eleventh Amendment. Furthermore, the plaintiff has not sufficiently alleged a plausible claim for relief against Scotty Lee Shaffer. The Complaint contains no specific allegations concerning the conduct of defendant Shaffer and the court and the defendants are left to speculate as to whether defendant Shaffer is an inmate who assaulted the plaintiff (who would not be acting under color of state law) or a correctional officer or staff member of the SCRJ who allegedly "refused to hear" the plaintiff. At any rate, the Complaint fails to identify any conduct by defendant Shaffer that would give rise to a plausible claim for relief against him.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the dicatates of *Twombly* and *Iqbal*, and **DENY AS MOOT** the plaintiff's Application to

Proceed Without Prepayment of Fees and Costs (ECF No. 3).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.[1]

<u>May 30, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge

---

[1] A search of the online databases for the WVRJCFA and the West Virginia Division of Corrections indicates that the plaintiff is no longer in custody in the State of West Virginia.  The plaintiff separately filed motions to transfer or change venue in which he indicated that he would soon be moving back to the State of New York.  The plaintiff's Complaint lists an address in Central Islip, New York as an alternative address.  The Clerk is **DIRECTED** to mail this Proposed Findings and Recommendation and other orders filed herein to that address.